IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA J. ZACHERY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-982-ECM |
| ) | [WO] |
| COOSA COUNTY BOARD OF ) | |
| EDUCATION, *et al.* ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wanda J. Zachery is a teacher employed by the Coosa County Board of Education. In November 2018, the Plaintiff filed a Complaint against the Coosa County Board of Education ("the Board") and Superintendent Andi Ficquette Wilson, alleging discrimination on the bases of her race and religion. The Plaintiff further asserts denial of her right to Equal Protection under the Fourteenth Amendment.

This matter is before the Court on Motions to Dismiss Portions of Plaintiff's Complaint filed by the Board and Superintendent Wilson. (Docs. 7, 16). For the reasons stated below, these motions (Docs. 7, 16) are due to be granted.

### I. BACKGROUND[1]

The Plaintiff is a teacher at Central Elementary School in Coosa County. She has been employed by the Coosa County Board of Education since 2005 and gained tenure in

---

[1] This recitation of the facts is based upon the Plaintiff's Complaint, which is presumed to be true for the purposes of this motion.

2009. She received her master's degree in elementary education from Alabama State University in 2014 and her Education Specialist Certificate in elementary education in 2016. Plaintiff is certified as a reading specialist and as a highly qualified teacher. The Plaintiff has taught third grade and has several years of experience as a reading teacher.

The Plaintiff made it known at work that while she is a Christian, her sincerely held religious beliefs dictate that she should not attend church. She asserts that due to these religious beliefs, she was excluded from professional functions while less qualified white church-attending teachers received more favorable treatment. Specifically, the Plaintiff asserts that the weakest academic students and students with discipline problems were assigned to her class. She further claims that the Superintendent failed to recognize her during meetings until after she filed her EEOC charge and denied her mileage reimbursement. The Plaintiff asserts that she was denied promotions to a reading coach position, and that the Board appointed less qualified white, church-attending teachers.

The Plaintiff brings the following claims against the Board: 1) Title VII discrimination based on race – failure to promote; 2) Title VII discrimination based on religion – failure to promote; 3) 42 U.S.C. § 1981 discrimination based on race – failure to promote; 4) Title VII discrimination based on race – disparate treatment; 5) Title VII discrimination based on religion – disparate treatment; 6) 42 U.S.C. § 1981 discrimination based on race; 7) 42 U.S.C. § 1983 – violation of Equal Protection under the Fourteenth Amendment. The Plaintiff also sues Superintendent Wilson in her official and individual capacities under Counts Three, Six, and Seven.

The Board and Superintendent Wilson each filed a Motion to Dismiss Portions of the Plaintiff's Complaint. The Board seeks dismissal of Counts Four, Five, and Six, asserting that the Plaintiff failed to plead sufficient facts to support her claims and that she failed to exhaust her administrative remedies. The Superintendent seeks dismissal of Count Six and all claims brought against her in her official capacity.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U. S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III. DISCUSSION

### A) The official capacity claims against the Superintendent are due to be dismissed as redundant.

Superintendent Wilson argues that the official capacity claims against her found in Counts Three, Six, and Seven are due to be dismissed because those claims are also asserted against the Coosa County Board of Education. The Superintendent argues that because suits against government officials in their official capacities are treated as suits against the entities by which the officials are employed, the official capacity claims against her are duplicative. The Superintendent continues that these official capacity claims do not add any possibility for additional relief that would not be available from the Board, making the claims redundant and possibly confusing. The Court agrees.

Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. (quoting *Brandon v. Holt*, 469 U.S. 464, 471–72(1985)).

The Plaintiff counters that this situation is unusual in that the Superintendent is statutorily required to nominate all employees for promotion. *See* Ala. Code § 16-9-23 (1975) ("The county superintendent of education shall nominate in writing for appointment by the county board of education all principals, teachers . . ."). Thus, the Plaintiff argues that for the Court to order the requested injunctive relief of placing the Plaintiff in the role

4

of reading coach, the Court must be able to order the Superintendent to recommend the Plaintiff for that position. With little explanation, the Plaintiff further urges that the Superintendent's role of required recommender is "even more important in Coosa County where she is an elected, not appointed, official." (Doc. 15 at 4). The Plaintiff cites a single case, *Hamilton v. Montgomery Bd. of Educ.*, 122 F. Supp. 2d 1273 (M.D. Ala. 2000) to support her argument that these claims are not duplicative. That case explains that the entire board could not be held liable for the superintendent's decision to withdraw a candidate from nomination because the board was without the power to act until the superintendent nominated a candidate. *Id*. It does *not* find, as the Plaintiff suggests, that the Court is without the power to direct a school board to place a candidate in a job.

As explained above "suits against an official in his or her official capacity are suits against the entity the individual represents." *Burrell v. Board of Trustees of Ga. Military College*, 970 F.2d 785, 789 n.10 (11th Cir. 1992) (citation omitted); *see also Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) ("We note that a suit against Dillon in his official capacity is the same as a suit against the municipality of the City of Key West.") (citation omitted); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent."). Under Alabama law, the Superintendent "act[s] as the chief executive officer of the county board of education." Ala. Code § 16-9-1 (1975). Accordingly, the official capacity claims against the Superintendent are "redundant and possibly confusing," in precisely the manner that warrants dismissal of

these duplicative claims. *See Busby*, 931 F.2d at 776. Accordingly, the claims against Superintendent Wilson in her official capacity are due to be dismissed.

> **B) The Plaintiff's claims for disparate impact in other terms and conditions are due to be dismissed for failure to state a claim.**

In Counts Four, Five, and Six, the Plaintiff claims she suffered discriminatory disparate treatment in the terms and conditions of her employment on the bases of her race and religion. Actionable disparate treatment "occur[s] where an employer has 'treated [a] particular person less favorably than others because of' a protected trait." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 985–86, (1988)).[2] A plaintiff alleging disparate treatment must establish "that the defendant had a discriminatory intent or motive" for taking a job-related action. *Id*. The challenged employment action must be materially adverse, viewed objectively from the perspective of a reasonable employee. *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238–40 (11th Cir. 2001).

"Generally, an adverse employment action requires a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x. 798, 800 (11th Cir. 2014) (quoting

---

[2] The Plaintiff brings claims under both Title VII and § 1981 via § 1983, but "[b]ecause 1981 and Title VII share the same requirements of proof and use the same analytical framework, [the Eleventh Circuit] appl[ies] cases from both bodies of law interchangeably." *Price v. M & H Valve Co.*, 177 F. App'x. 1, n.8 (11th Cir. 2006) (citing *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282–83 (11th Cir. 2002)); *see also Whiting v. Jackson State Univ.*, 616 F.2d 116, 121 (5th Cir.1980) (When § 1981 is used as a basis for relief parallel to that provided by Title VII, the elements of a § 1981 claim are identical to the elements of a Title VII claim). Accordingly, the Court considers these claims together.

*Davis*, 245 F.3d at 1239). The employee's subjective view of the employer's action is not controlling but the action must be materially adverse as viewed by a reasonable person under the same circumstances. *Id.* (citing *Kidd v. Mando Am. Corp*, 731 F.3d 1196, 1204 (11th Cir. 2010)).

The Eleventh Circuit affirmed a district court's grant of dismissal in a case where the plaintiff "alleged that the Board discriminated against her by paying her too little, reducing her work hours, issuing negative evaluations, terminating her employment, and refusing to let her attend a public job fair." *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x. 872, 874 (11th Cir. 2013). The Eleventh Circuit acknowledged that the complaint "generically referenced younger males, but nowhere in her complaint does she identify any valid comparators to undergird her disparate treatment claims." *Id*.

Here, the Plaintiff similarly makes conclusory allegations that she was treated worse than white church-going teachers, without pointing to a specific comparator. The Plaintiff asserts that white teachers with fewer credentials who attended church were permitted to travel to professional development opportunities that the Plaintiff was denied, that the school placed the weaker academic students with discipline problems in her class and that that she was denied mileage reimbursement for a trip she took at her own expense. These facts, however, provide little more than a threadbare recital of the elements and vague assertions. The Plaintiff does not identify any white church-attending teachers who could serve as valid comparators. She does not provide any specific factual allegations regarding the opportunities that were offered to other teachers, but not to her. Moreover, the Plaintiff fails to allege facts which could support her claim that students with greater difficulties

7

were assigned to her for any discriminatory reason. Moreover, "because work assignment claims strike at the very heart of an employer's business judgment and expertise, absent unusual circumstances, they typically do not constitute adverse employment actions." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x. 798, 800 (11th Cir. 2014) (*citing Cotton v. Cracker Barrel Old Country Store, Inc.,* 434 F.3d 1227, 1234 (11th Cir.2006)). Finally, it is not clear that the Plaintiff was treated any differently than other teachers regarding the mileage reimbursement claim. While she generally claims other teachers had more opportunity for training, she does not allege that other teachers were reimbursed for similar professional outings that they undertook on their own initiative.

For the reasons stated above, Counts Four, Five, and Six are due to be dismissed for failure to state a claim.

**C) The Plaintiff failed to exhaust her administrative remedies as to disparate treatment in the terms and conditions of her employment.**

Notwithstanding the warranted dismissal for failure to state a claim, Counts Four, Five, and Six for discriminatory disparate treatment are also due to be dismissed because the Plaintiff failed to exhaust her administrative remedies. A prerequisite to filing a Title VII lawsuit is that an employee must exhaust administrative remedies by timely filing a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). The purpose of the administrative exhaustion requirement is to allow the EEOC the "first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id*. (*quoting Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929

(11th Cir. 1983)). A complaint may "'amplify, clarify, or more clearly focus' the allegations in the EEOC [charge]" but it cannot add entirely new acts of discrimination. *Id*. (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

The Plaintiff argues that the Court must accept the allegations in her Complaint as true, including the allegation that she exhausted her administrative remedies. She also appears to seek to prevent the Court from reviewing her EEOC Charge, arguing that the Court is limited to reviewing what is contained in the four corners of the Complaint. The Plaintiff further states that the Court is not necessarily limited by the claims found in the EEOC charge but by the scope of the EEOC investigation. *See Gregory*, 355 F.3d at 1280 (stating that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination") (internal quotation and citation omitted). Thus, the Plaintiff argues that the Court must review the EEOC investigation file to discern whether all the Plaintiff's claims found in the Complaint were investigated, making the exhaustion claim one for summary judgment.

The Plaintiff is wrong to say that in this case, the Court cannot consider the EEOC Charge because it is outside the Complaint. A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit, the exhibit controls. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citing *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)); *see also* Fed. R. Civ. P 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading

9

for all purposes"). Here, the Plaintiff attached a copy of the Charge to the Complaint and the Court is entitled to rely upon and credit the information contained within the exhibit over the allegation in the Complaint. Additionally, in *Gregory*, the Eleventh Circuit was clear that the proper inquiry is "whether [the plaintiff's] complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory*, 355 F.3d at 1280. Thus, this issue is appropriately resolved at the motion to dismiss stage, without the need for discovery on this issue.

Here, the EEOC Charge was attached to the Plaintiff's Complaint as an exhibit, so the Court reviewed the Charge to determine whether the Plaintiff exhausted her administrative remedies. The Charge only concerns the Plaintiff's claims related to her not being selected for the position of reading coach. The Charge does not describe continuing discriminatory practices but lists two specific events—a failure to promote in August 2017 and a failure to promote in 2014. The EEOC Charge is devoid of any allegations of disparate treatment other than the two discrete failure to promote claims. Accordingly, the Plaintiff's claims in Counts Four, Five, and Six regarding disparate treatment were not included in her EEOC Charge and have not been exhausted.

Thus, Counts Four, Five, and Six are also be subject to dismissal for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that the Defendants' Motions to Dismiss (Docs. 7, 16) are GRANTED. Accordingly, Counts Four, Five, and Six are

dismissed in their entirety, as are all official capacity claims against Superintendent Wilson.

DONE this 27th day of August, 2019.

          /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE